FILED
MAY - 9 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07CR96-MHT |
| | ) | [21 USC § 846; |
| DEANDRE STOKES | ) | 21 USC § 841(a)(1); |
| | ) | 18 USC § 924(c)(1)(A); |
| | ) | 18 USC § 922(g)(1)] |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

### COUNT 1

From in or about November, 2005, through on or about the 5th day of April, 2007, in Montgomery County, within the Middle District of Alabama, the defendant,

DEANDRE STOKES,

did knowingly, intentionally, and unlawfully conspire and agree with other persons both known and unknown to the Grand Jury to knowingly and intentionally possess with the intent to distribute and distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 846.

### COUNT 2

On or about the 5th day of April, 2007, in Montgomery County, within the Middle District of Alabama, the defendant,

DEANDRE STOKES,

did knowingly and intentionally attempt to possess with the intent to distribute 5 kilograms or more

of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

## COUNT 3

On or about the 5th day of April, 2007, in Montgomery County, within the Middle District of Alabama, the defendant,

### DEANDRE STOKES,

did knowingly use and carry a Mega model Gator .223 caliber assault rifle, a better description being unknown to the Grand Jury, during and in relation to a drug trafficking offense as charged in Count 1 herein, and did possess said firearm in furtherance of, a drug trafficking offense charged in Count 1 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 4

On or about the 5th day of April, 2007, in Montgomery County, within the Middle District of Alabama, the defendant,

### DEANDRE STOKES,

having been convicted of the following felony, a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit; on the 15th day of April, 2002, Possession of a Controlled Substance in the Circuit Court of Montgomery County, Alabama, case number 03CC0200010500, did knowingly possess in and affecting commerce firearms, to-wit: a Mega model Gator .223 caliber assault rifle, and a Ruger model P-90, .45 caliber pistol, better

descriptions being unknown to the Grand Jury, in violation of Title 18, United States Code, Section 922(g)(1).

COUNT 5

On or about the 16th day of November, 2005, in Montgomery County, within the Middle District of Alabama, the defendant,

DEANDRE STOKES,

did knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly referred to as "cocaine powder," a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT 6

On or about the 16th day of November, 2005, in Montgomery County, within the Middle District of Alabama, the defendant,

DEANDRE STOKES,

did knowingly use and carry a Masterpiece Arms .45 caliber semi-automatic pistol, a better description being unknown to the Grand Jury, during and in relation to a drug trafficking offense as charged in Counts 1 and 5 herein, and did possess said firearm in furtherance of, a drug trafficking offense charged in Counts 1 and 5 herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT 7

On or about the 16th day of November, 2005, in Montgomery County, within the Middle District of Alabama, the defendant,

DEANDRE STOKES,

having been convicted of the following felony, a crime punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama, to-wit; on the 15th day of April, 2002, Possession of a Controlled Substance in the Circuit Court of Montgomery County, Alabama, case number 03CC0200010500, did knowingly possess in and affecting commerce a firearm, to-wit: a Masterpiece Arms .45 caliber semi-automatic pistol, a better description being unknown to the Grand Jury, in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION - 1

A.   Counts 1 through 6 of this indictment are hereby repeated and incorporated herein by reference.

B.   Upon conviction for any violation as alleged in Counts 1, 2 and 5 of this indictment, the defendant,

DEANDRE STOKES,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the said defendant obtained, directly or indirectly, as a result of the said violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the alleged violations.

C.   If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

4

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

All in violation of Title 21, United States Code, Sections 841 and 846.

## FORFEITURE ALLEGATION - 2

A. Counts 1 through 6 of this indictment are hereby repeated and incorporated herein by reference.

B. Upon conviction for any violation as alleged in Counts 3, 4, 6 and 7 of this indictment, the defendant,

DEANDRE STOKES,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

One Mega model Gator .223 caliber assault rifle;

One Ruger model P-90, .45 caliber pistol;

One Masterpiece Arms .45 caliber semi-automatic pistol.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred, sold to, or deposited with a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be divided without difficulty, the United States, pursuant to Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c), intends to seek an Order of this Court forfeiting any other property of said defendant up to the value of the property described in the above paragraphs.

All in violation of Title 18, United States Code, Sections 922 and 924.

A TRUE BILL.

_____
Foreperson

_____
LEURA G. CANARY
United States Attorney

_____
JOHN T. HARMON
Assistant United States Attorney

_____
A. CLARK MORRIS
Assistant United States Attorney